Matter of Lane v County of Nassau (2026 NY Slip Op 01515)

Matter of Lane v County of Nassau

2026 NY Slip Op 01515

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-08544
 (Index No. 606079/21)

[*1]In the Matter of Charles Lane, respondent-appellant,
vCounty of Nassau, et al., appellants-respondents.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants-respondents.
Cody H. Morris, Central Islip, NY (Victor John Yannacone, Jr., of counsel), for respondent-appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees, the County of Nassau, Nassau County Police Department, Christine McDonald, and Patrick J. Ryder appeal, and the petitioner cross-appeals, from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated February 17, 2022. The order, insofar as appealed from, granted the petitioner's motion for an award of attorney's fees. The order, insofar as cross-appealed from, granted the petitioner's motion for an award of attorney's fees only to the extent of awarding him the sum of $17,292.50.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The underlying facts concerning the commencement of this proceeding are summarized on a related appeal (see Matter of Lane v County of Nassau, ___ AD3d ___ [Appellate Division Docket No. 2021-06368; decided herewith]).
In a judgment dated August 26, 2021, the Supreme Court, inter alia, denied that branch of the petition which was for an award of attorney's fees. In an order dated December 13, 2021, the court, among other things, in effect, upon reargument, vacated so much of the judgment as denied that branch of the petition which was for an award of attorney's fees, and thereupon granted that branch of the petition with a directive to the petitioner to upload proof of his reasonable attorney's fees to the New York State Electronic Filing System (hereinafter NYSCEF). In response, the petitioner uploaded to NYSCEF, inter alia, a time sheet indicating the number of attorney and paralegal hours worked on this matter and the hourly rate applied for attorney and paralegal work, with a calculated total in the sum of $25,925.
Thereafter, the petitioner moved for an award of attorney's fees, seeking the total sum of $61,575 based upon additional legal work performed in making that motion. In an order dated February 17, 2022, the Supreme Court granted the petitioner's motion for an award of attorney's fees to the extent of awarding the petitioner the total sum of $17,292.50. The County of Nassau, Nassau [*2]County Police Department, Christine McDonald, and Patrick J. Ryder (hereinafter collectively the respondents) appeal, and the petitioner cross-appeals.
A court in a FOIL proceeding shall assess against the respondents "reasonable attorney's fees and other litigation costs reasonably incurred" by the petitioner in any case "in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c][ii] [emphasis added]). "[T]he determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Supreme Court" (Hawthorne Funding, LLC v Karish Kapital, LLC, 236 AD3d 998, 1000 [internal quotation marks omitted]).
Contrary to the respondents' contention that "no award should have been granted,"
the petitioner was entitled to an award of reasonable attorney's fees, since the petitioner substantially prevailed in this proceeding based upon the Supreme Court's determination to direct the production of the requested records, and the respondents had no reasonable basis for denying access to the records in their entirety (see Matter of Sethi v Town of Hempstead, 233 AD3d 787, 788; Matter of New York Civ. Liberties Union v Nassau County, 228 AD3d 864, 866). However, contrary to the petitioner's contention, the court providently exercised its discretion in limiting the petitioner's award of reasonable attorney's fees to the sum of $17,292.50.
The parties' remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court